UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID EUGENE VOELKERT,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-471-JD-AZ |

OPINION AND ORDER

David Eugene Voelkert, a prisoner without a lawyer, filed a habeas petition in connection with his conviction for child molestation in the St. Joseph Superior Court under Case No. 71D01-1902-F1-6.[1] ECF 1. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In his federal habeas petition, Voelkert challenges the decision of the Miami Circuit Court to transfer his State habeas petition to the St. Joseph Superior Court in Case No. 52C01-2505-MI-503. In the State habeas petition, he challenges his underlying conviction for child molestation. However, the decision to transfer the State petition to another State court did not affect Voelkert's custody nor could it have amounted to a violation of his rights under federal law. *See* 28 U.S.C. § 2254(a) (district court may grant habeas relief to a State prisoner "only on the ground that he is in custody in violation of

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

the Constitution or laws or treaties of the United States."). Consequently, Voelkert may not proceed on a habeas petition challenging the decision of the Miami Circuit Court to transfer his State habeas petition to the St. Joseph Superior Court. Nevertheless, in light of his *pro se* status, the court will allow Voelkert to file an amended petition rather than immediately dismissing this case.

Voelkert also filed a motion for default judgment against the Warden contending that he has served the Indiana Attorney General with a copy of the petition and that sixty days have elapsed since that time. ECF 7. However, in habeas cases, the respondent is not required to answer the petition until expressly ordered by the court. Rule 5(a) of the Rules Governing Section 2254 Habeas Cases. The court has not yet ordered a response, so the court declines to enter default judgment against the Warden for failing to respond to the petition at this time. Therefore, the motion for default judgment is denied.

For these reasons, the court

(1) DENIES the motion for default judgment (ECF 7);

(2) ORDERS David Eugene Voelkert to file an amended petition consistent with this order by September 18, 2026; and

(3) CAUTIONS David Eugene Voelkert that, if he does not respond by that deadline, this case may be dismissed without further notice.

SO ORDERED on August 19, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT