UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID EUGENE VOELKERT,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-471-JD-AZ |

# OPINION AND ORDER

David Eugene Voelkert, a prisoner without a lawyer, filed an amended habeas petition in connection with his conviction for child molestation in the St. Joseph Superior Court under Case No. 71D01-1902-F1-6.[1] Following a bench trial, on December 22, 2021, he was sentenced to forty-seven years' incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the habeas petition, Voelkert argues that he is entitled to habeas relief because the trial court erred by not dismissing his criminal case under the Interstate Agreement on Detainers. He alleges that the trial court signed a form that triggered the 180-day period to dispose of his case on October 23, 2020, but that the trial court did not dispose of his case within 180 days.

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

The court considers whether this claim is procedurally defaulted. A petitioner seeking federal habeas relief must present his claims "through one complete round of State-court review." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.*

Indiana courts have explained a convicted individual's State court remedies as follows:

> Postconviction procedures do not afford a petitioner with a super-appeal, and not all issues are available. Rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the postconviction rules. If an issue was known and available, but not raised on direct appeal, it is waived. If it was raised on appeal, but decided adversely, it is res judicata. If not raised on direct appeal, a claim of ineffective assistance of trial counsel is properly presented in a postconviction proceeding. A claim of ineffective assistance of appellate counsel is also an appropriate issue for postconviction review. As a general rule, however, most free-standing claims of error are not available in a postconviction proceeding because of the doctrines of waiver and res judicata.

*Timberlake v. State*, 753 N.E.2d 591, 597–98 (Ind. 2001). Further, under Indiana law, "[t]he writ of habeas corpus cannot . . . be used as a substitute for an appeal." *Van Meter v. Heath*, 602 N.E.2d 143, 144 (Ind. 1992).

Review of the electronic dockets for the State courts suggests that this claim is procedurally defaulted. Specifically, Voelkert pursued a direct appeal in Case No. 22A-CR-132 in which he presented his interstate detainer claim to the Indiana Court of

Appeals. On September 30, 2022, the Indiana Court of Appeals rejected the claim, and Voelkert did not file a petition to transfer to the Indiana Supreme Court on direct appeal. The time to do so expired as of November 14, 2022. *See* Ind. R. App. 57(C)(1) (petition to transfer must be filed within 45 days of adverse decision). Because Voelkert did not properly present his claim under the Interstate Agreement of Detainers to the Indiana Supreme Court on direct appeal and because he can no longer do so under Indiana law, it appears that the claim is procedurally defaulted.

In the amended petition, Voelkert contends that he has properly exhausted State court remedies by initiating State habeas corpus proceedings in the Miami Circuit Court in May 2025 under Case No. 52C01-2505-MI-503 and by attempting to appeal the Miami Circuit Court's decision to transfer the case to the St. Joseph Superior Court. However, it appears that his efforts to raise his interstate detainer claim in a second State court proceeding are barred under Indiana law by *res judicata* and so will not suffice to cure the procedurally defaulted nature of the claim.

In sum, Voelkert's sole claim appears to be procedurally defaulted, and he has asserted no plausibly valid excuse. Consequently, the court is inclined to dismiss the petition as procedurally defaulted. Nevertheless, out of an abundance of caution, the court will allow Voelkert an opportunity to address the concerns set forth in this order rather than immediately denying the habeas petition.

As a final matter, Voelkert filed a motion to correct errors advising that his amended petition contained errors relating to page count and the dates on the certificate of service. ECF 11. These errors are relatively minor, and the court is well

aware of the difficulties faced by incarcerated litigants proceeding *pro se*. While the court appreciates Voelkert's good faith acknowledgment of these errors, the court denies this motion as unnecessary.

For these reasons, the court:

(1) DENIES as UNNECESSARY the motion to correct error (ECF 11);

(2) ORDERS David Eugene Voelkert to file a response to this Order by December 22, 2026; and

(3) CAUTIONS David Eugene Voelkert that, if he does not respond by this deadline, the court will dismiss the habeas petition because the sole claim is procedurally defaulted.

SO ORDERED on November 20, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT